UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JACKIE FORD-BLEVINS, | ) | 1:09-cv-0754 OWW DLB |
| | ) | |
| Plaintiff, | ) | SCHEDULING CONFERENCE ORDER |
| | ) | |
| v. | ) | Administrative Record |
| | ) | Filing Deadline: 3/1/10 |
| BRINKS COMPANY LONG TERM | ) | |
| DISABILITY PLAN, LIBERTY LIFE | ) | Extra-Record Evidence |
| ASSURANCE COMPANY OF BOSTON, | ) | Motion Filing |
| | ) | Deadline: 4/15/10 |
| Defendants. | ) | |
| | ) | Discovery Cut-Off: 4/23/10 |
| | ) | |
| | | Cross-Dispositive Motion |
| | | Filing Deadline: 6/14/10 |
| | | |
| | | Opposition to Cross-Dispositive Motion Filing |
| | | Deadline: 6/28/10 |
| | | |
| | | Hearing Date for Cross-Dispositive Motions: |
| | | 7/27/10 9:00 Ctrm. 3 (CT-1/2 day) |

I.   Date of Scheduling Conference.

August 20, 2009.

II.  Appearances Of Counsel.

Russell G. Petti, Esq., appeared on behalf of Plaintiff.

Ropers, Majeski, Kohn & Bentley by Pamela E. Cogan, Esq., appeared on behalf of Defendants.

1

III.   Summary of Pleadings.

   1.   This case results from the denial of long term disability benefits to Plaintiff under an employee benefit plan funded by Plaintiff's employer, which is insured by a group long term disability insurance policy issued by Defendant Liberty Life.  As such, this matter is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

   2.   With respect to Plaintiff's claim for disability benefits, the parties agree that, as a general matter, cases of this type are decided on the Administrative Record. Specifically, in the case of *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999) (en banc), the Ninth Circuit determined that a District Court's review of a fiduciary's benefits decision under ERISA should - with some exceptions - be conducted on the administrative record which was before the fiduciary at the time it made its decision.

   3.   The parties will complete initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure by August 13, 2009.  Upon receipt of the Administrative Record, Plaintiff will review this record, to determine whether it is complete, or whether additional material should be added.

   4.   Plaintiff intends to take limited discovery into whether the denial was influenced by Liberty's dual role as claims fiduciary and claims payor.  Defendants dispute that any such discovery is proper under ERISA.

   5.   In addition, Defendants anticipate bringing a motion for summary adjudication that the Plan here provides it with

2

1  discretionary authority, thereby mandating the abuse of
2  discretion standard of review.  Plaintiff anticipates stipulating
3  on this point if the Plan language is sufficiently clear.
4      6.   Subject to the above, the parties agree that, as
5  currently pled, the trial of this matter shall be on the
6  Administrative Record, although both sides reserve the right to
7  move this Court to admit extrinsic evidence if appropriate.  The
8  parties reserve the right to object to the introduction of any
9  evidence not properly produced under Rule 26.
10     7.   The parties further agree that, given the applicable
11 law, this matter will be tried to the court.
12     8.   As such, Plaintiff contemplates that the trial of this
13 matter will consist of the following:
14          a.   The filing of the written Administrative Record.
15          b.   The filing of a Memoranda of Fact and Law by each
16 party.
17          c.   The filing of a Trial Brief (Opposition) by each
18 party.
19          d.   A two hour hearing before the Court for oral
20 argument.  Defendants contemplate the exchange of cross-motions
21 under Fed. R. Civ. Proc. 52, and a hearing before this Court for
22 oral argument in accordance with the suggested dates listed
23 below.
24 IV.  Orders Re Amendments To Pleadings.
25     1.   The parties do not anticipate amending the pleadings at
26 this time.
27 V.   Corporate Identification Statement.
28     1.   Any nongovernmental corporate party to any action in

3

this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

VI.   Discovery Plan and Cut-Off Date.

    1.   The parties shall make their Rule 26 initial disclosures on or before August 31, 2009.

    2.   Plaintiff seeks discovery on whether the issue of Liberty's denial was influenced by any dual role it held as claims fiduciary and claims payor.  Defendants maintain that such discovery is unnecessary under the provisions of ERISA.

    3.   This case will be decided on cross-dispositive motions. The following schedule for the case is adopted:

        a.   Defendants shall file the Administrative Record and the policy on or before March 1, 2010;

        b.   The overall cut-off of discovery will be April 23, 2010;

        c.   Cross-dispositive motions shall be filed on or before June 14, 2010;

        d.   Opposition points and authorities shall be filed no later than June 28, 2010;

        e.   The matter of the dispositive cross-motions and trial of the action will be held July 27, 2010.  The Court will reserve one-half day for the non-jury trial;

        f.   Any intent by Plaintiff to introduce extra record evidence will be presented by motion to be filed on or before

4

April 15, 2010;

       g.   There will be no settlement conference set in this case;

       h.   The parties do not suggest bifurcating or other trial shortening methods.

VII. Motions - Hard Copy.

  1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

VIII.   Compliance With Federal Procedure.

  1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

IX.   Effect Of This Order.

  1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   August 20, 2009**            /s/ **Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE